UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-CR-104(3)(JNE/TNL)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MASON PAUL STUHLDREHER,

    Defendant.

**GOVERNMENT'S MOTION FOR DISCOVERY PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 16(b), 12.1, 12.2, 12.3 AND 26.2**

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Allen Slaughter, Assistant United States Attorney, hereby moves the Court:

    A.    For its order requiring Mason Paul Stuhldreher, the above-named defendant (hereinafter defendant), pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure to disclose and to permit inspection and copying of the following:

    1.    <u>Documents and Tangible Objects</u>:  All books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial of the above captioned matter.

    2.    <u>Reports of Examinations and Tests</u>:  All results and reports of physical or mental examinations and of scientific tests or experiments made in connection with the above captioned matter, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial of the above

captioned matter or which were prepared by a witness whom the defendant intends to call at trial.

3. <u>Expert Testimony</u>:  A written summary of testimony the defendant intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence as evidence at trial.  This summary must describe the opinions of the witnesses, the bases and reasons therefore, and the witnesses' qualifications.  There is no specific timing requirement included in Rule 16(a)(1)(G).  However, the Advisory Committee's Note provides that "it is expected that the parties will make their requests and disclosures in a timely fashion."  Fed. R. Crim. P. 16 Advisory Committee's Note, 1993 Amendments.  **The government respectfully requests that the Court order that expert disclosures for both parties, if any, be made 30 days before trial.**  Such a timing requirement allows the parties sufficient notice of the expected testimony and time to prepare a focused cross-examination of the expert.  *See id.*  Such an order would also provide the opposing party ample time to obtain a rebuttal expert and prepare a rebuttal report in advance of trial.  **Accordingly, the government also requests that any rebuttal experts be noticed, and any rebuttal expert disclosures be produced to the opposing party, no later than 10 days before trial.**

B. <u>Alibi</u>: For its order pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure requiring the defendant, if he intends to claim alibi as a defense, to state the specific place or places at which the defendant claims to have been at the time of the alleged

offenses in the above captioned matter and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

      C.      <u>Insanity Defense/Mental Illness</u>:  For its order pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure requiring the defendant, if he intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing upon the issue of guilt, to give notice to the government no later than the date of the first hearing on pretrial motions.

      D.      <u>Public Authority</u>:  For its order pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure requiring the defendant, if he intends to rely upon a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense, to give notice to the government and the Court no later than the date of the first hearing on pretrial motions.

      E.      <u>Witness Statements</u>:  For its order pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure requiring the defendant, to produce all statements in possession or control of any witness that the defendant calls in connection with a suppression hearing, detention hearing, trial, or sentencing.

Dated: May 17, 2019                    Respectfully Submitted,

                                       ERICA H. MacDONALD
                                       United States Attorney

                                       *s/ Allen Slaughter*

                                       BY: ALLEN A. SLAUGHTER, JR.
                                       Assistant U.S. Attorney
                                       Attorney ID No. 301668