UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-CR-104(3) (JNE/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S INITIAL POSITION** |
| | ) | **REGARDING SENTENCING** |
| v. | ) | |
| | ) | |
| MASON PAUL STUHLDREHER, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Mason Paul Stuhldreher (Stuhldreher), by and through his attorney, Thomas R. Braun, of Restovich Braun & Associates, submits the following initial position of Stuhldreher's sentencing, requesting a downward departure from the guideline imprisonment range of 210 to 262 months, and a variance to the mandatory minimum sentence of 120 months imprisonment.

## PROCEDURAL HISTORY

On April 10, 2019, Stuhldreher was indicted on: Count 1 – Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846; Count 3 – Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2; and Forfeiture Allegations of $14,270.00 pursuant to 21 U.S.C. § 853.

On May 14, 2019, a superseding indictment was filed adding an additional defendant, Jaime Alejandro Aguirre-Rea, and additional Forfeiture Allegations of $21,480.00, a white 2015 Chevrolet Suburban, VIN 1GNSKJKC6FR609914, Minnesota license plate number 218RE and a white 2019 GMC Truck, VIN 1GT42WEY5KF155480, Minnesota license plate number CKC347.

1

On August 2, 2019, Stuhldreher accepted responsibility of his actions and pled guilty to

Count 1 – Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, which carries a mandatory minimum of 10 years, or 120 months, imprisonment.  See Plea Agreement ("Agreement") at ¶ 1; 21 U.S.C. § 841(b)(1)(A).  Under the terms of the Agreement, the parties contemplated the following:

1. A base offense level between 36 and 38, depending on purity results of the drugs.  Agreement at ¶ 6(a); Presentence Investigation Report, as amended ("PSR"), at ¶ 7.

2. Stuhldreher admitted to fleeing, creating a substantial risk of death or serious bodily injury, increasing the offense level by 2.  Agreement at ¶ 6(d); PSR at ¶ 7.

3. A 3 level reduction because Stuhldreher accepted responsibility.  Agreement at ¶ 6(e); PSR at ¶ 7.

4. Anticipated criminal history category of IV.  Agreement at ¶ 6(f); PSR at ¶ 7.

As stated in the Agreement, the total offense level was determined to be from 36 to 38 and a criminal history category IV and, as such, the parties anticipated a sentencing guideline range of 235 to 293 month or 292 to 365 months imprisonment.  Agreement at ¶ 6(g); PSR at ¶ 7.  However, the subsequent PSR is inconsistent with the Agreement, whereas the PSR indicates a total offense level of 35, not 36-38, and a criminal history category of III, not IV, which generates a guideline imprisonment range of 210 to 262 months.  PSR at ¶¶ 46-56, 75-77, 110.

Regardless, Stuhldreher respectfully requests that this Court grant him a downward departure from the guideline imprisonment range of 210 to 262 months, and a variance to the mandatory minimum sentence of 120 months imprisonment because he feels that the circumstances warrant such departure and variance.

## RELEVANT FACTS & LEGAL ARGUMENT

It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Koon v. U.S.*, 518 U.S. 81, 98, 116 S.C.t 2035 (1996); see also *Williams v. New York*, 337 U.S. 241, 247, 69 S. Ct. 1079 (1949) (stating that the punishment should fit the offendor and not merely the crime). But, to maintain a semblance of consistency, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. *U.S. v. Gall*, 552 U.S. 38 (2007) (citing *U.S. v. Rita*, 551 U.S. 338, 127 S.Ct. 2456 (2007)). The sentencing guidelines, however, are advisory only, not mandatory, and a sentencing judge has the discretion to sentence a defendant to what is reasonable under the circumstances. *U.S. v. Booker*, 125 S. Ct. 738 (2005). As such, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the sentencing judge, in conjunction with the Sentencing Guidelines, should consider all of the 3553(a) factors to determine whether they support the sentence requested by a party. *U.S. v. Gall*, 552 U.S. at 49-50. In so doing, the sentencing judge may not presume that the applicable Guidelines range is reasonable for that defendant. *Id*. at 50. A sentencing judge may depart from the Guidelines if circumstances warrant a departure.

If a district judge chooses to depart from the Sentencing Guidelines, she must sufficiently justify her conclusion that an unusually lenient or an unusually harsh sentence is appropriate. *U.S. v. Gall*, 552 U.S. 38. However, it is not necessary for a district judge to cite "extraordinary" circumstances to justify a sentence outside the Guidelines. *Id*. at 47.

In the current matter, the applicable sentencing guidelines specify that Stuhldreher should spend between 210 to 262 months in prison for his actions. However, those Sentencing

Guidelines do not inform this Court that Stuhldreher is a 32 year old father of 5 year old Isabella and 3 year old Joseph and fiancé to his girlfriend of 2 years, and the Guidelines do not inform the Court that Stuhldreher is an adopted child who recently lost his mother to Lewy Boddy Dementia.  PSR at ¶¶ 80, 83-84.  The Guidelines do, however, reflect that Stuhldreher has a criminal history, but the Guidelines do not reveal <u>why</u> Stuhldreher has a criminal history, which is paramount; the guidelines do not show that Stuhldreher used and struggled with drugs and alcohol at a very young age, and he has suffered from mental health and depression for the better part of his lifetime.  *Id*. at ¶¶ 85, 91-97.

Furthermore, the Guidelines do not reveal that, despite aggressively seeking out and implementing structured and prosocial components to his life, including sobriety, college studies and employment, Stuhldreher's financial state was suffering and he struggled with the idea of asking his father for financial assistance because of Stuhldreher's mother's medical needs and state of her illness, which is why Stuhldreher made the poor choice to sell drugs again.  *Id*. at ¶ 42.  Stuhldreher does not attempt to make excuses for his actions, but he is a real person with unique characteristics that this Court should consider, per *Koon*.  Based on these characteristics and the circumstances surrounding this case, Stuhldreher respectfully requests that this Court strongly consider each of the § 3553(a) factors and sentence Stuhldreher to the mandatory minimum of 120 months imprisonment.

1. <u>**Factor 1**</u>**: The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.  18 U.S.C. § 3553(a)(1).**

Stuhldreher does not dispute the PSR's general description of his criminal acts.  See PSR at ¶¶ 21-38.  However, Stuhldreher points out that he began selling drugs again because of his financial struggles, and because he refused to ask his father's assistance because of his mother's medical needs and illness.  PSR at ¶ 42.  Stuhldreher also points out that he fled from law

4

enforcement because he panicked, and knew that if he was apprehended that he would be arrested and unable to visit his mother who was in hospice and believed to be on her death bed. PSR at ¶ 43.  Stuhldreher was at his mother's bedside just prior to the incident on February 9th that led to his arrest, and he was at her side when she passed that same evening.  *Id*.  Minutes prior to her passing, Stuhldreher promised his mother that he would never sell drugs again.  *Id*.

After February 9, 2019, Stuhldreher was deeply remorseful for his actions, so he gained sobriety and moved back to his father's home for continued support and to grieve with his father. *Id*. at ¶¶ 44, 85.  Stuhldreher also took steps to address his mental health issues through therapy prior to his arrest.  *Id*. at ¶¶ 85, 92.  Stuhldreher would also like to note that he was not present or involved in the raid and arrest of his co-conspirators on April 17th, 2019; he maintained sobriety and refused to break his promise to his mother.  *Id.* at ¶ 34, 43.

Stuhldreher also wishes to point out that he "clearly demonstrated acceptance of responsibility for the offense[,]" and "assisted authorities in the investigation . . . of [his] own misconduct by timely notifying authorities of the intention to enter a plea of guilty."  PSR at ¶¶ 54-55.

2. <u>Factor 2</u>:  **The Need for the Sentence Imposed (A) to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense; (B) to Afford Adequate Deterrence to Criminal Conduct; (C) to Protect the Public from Further Crimes of the Defendant; and (D) to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or other Correctional Treatment in the Most Effective Manner.  18 U.S.C. § 3553(a)(2).**

Stuhldreher does not make excuses for his actions, nor does he attempt to diminish the seriousness of his criminal behavior and the negative impact that his actions have had on society, and those who have ingested the drugs that he peddled.  Stuhldreher, however, feels that a 10-year sentence, which is close to 1/3 of his current life span, is an adequate and sufficient sentence

and punishment for his crime. Stuhldreher will have an opportunity in prison to engage in treatment for substance abuse and to further address his mental health and depression issues. However, he feels that 10 years is an adequate and reasonable timeframe in which to reflect on his actions and resolve his lawless ways.

Additionally, Stuhldreher's 5 year old daughter will be 15 years old after a 10-year sentence, and his son will be 13 years old. A 10-year sentence would still provide adequate time for Stuhldreher to reestablish and mend his relationship with Isabella and Joseph, and participate in their formative teenage and high school years. If the Court imposes a sentence within the Guidelines, Stuhldreher's ability to participate in his children's lives will be delayed for an additional 7+ years, which is significant in Isabella and Joseph's young lives.

Furthermore, the advisory sentencing guidelines are unusually harsh and draconian. See *U.S. v. Stockton*, 968 F.2d 715, 721 (8th Cir. 1991) (stating that the guideline sentences for a first time meth offender "have gone awry[,]" are "excessively long[,]" are "greater than necessary" and "cannot be justified in a civilized society"); *U.S. v. England*, 966 F.2d 403, 410 (8th Cir. 1992) (holding that, although not illegal, the "draconian" sentences in this methamphetamine case "emanate from a scheme gone awry"). Again, Stuhldreher is not attempting to diminish the severity of his actions, but he feels that the minimum sentence of 10 years is still quite significant, and 17+ under the Guidelines is excessive and greater than necessary.

Stuhldreher feels that any amount of time, whether one month or 20 years will adequately deter criminal conduct and protect the public from further crimes. He feels this way because he refuses to break his promise to his deceased mother. However, Stuhldreher recognizes that his actions warrant punishment because of the serious nature of his crimes, but respectfully requests that the court impose a 120-month sentence.

6

**3.** <u>Factor 3</u>**:  The Kinds of Sentences Available.  18 U.S.C. § 3553(a)(3).**

The minimum term of imprisonment is 10 years and the maximum term is life, and the Court must impose a term of supervised release of at least 5 years.  21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(A); PSR at ¶¶ 109, 113.  Stuhldreher is ineligible for probation because it is expressly precluded by statute.  21 U.S.C. § 841(b)(1)(A); USSG § 5N1.1(b)(2); PSR at ¶¶ 115-116.

A special assessment of $100.00 is mandatory.  18 U.S.C. § 3013; PSR at ¶ 118.  The maximum fine is $10,000,000.00.  21 U.S.C. § 841(b)(1)(A); PSR at ¶ 117.  The fine range for this offense is $40,000.00 to 10,000,000.00, and if Stuhldreher is convicted under a statute authorizing (A) a maximum fine greater than $500,000.00, or (B) a fine for each day of violation, the Court may impose a fine up to the maximum authorized by the statute.  USSG §§5E1.2(c)(3) and (c)(4); PSR at ¶ 119.

**4.** <u>Factor 4</u>**:  The Sentencing Guidelines.  18 U.S.C. § 3553(a)(4).**

The PSR indicates a total offense level of 35 and a criminal history category of III, which generates a guideline imprisonment range of 210 to 262 months.  PSR at ¶ 110.

**5.** <u>Factor 5</u>**:  Any Pertinent Policy Statement Issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(5).**

Stuhldreher is not aware of any specific, pertinent policy statement applicable herein. However, given the federal government's criminal justice reform and enactment of the First Step Act, it seems that the policy behind non-violent crimes is leaning toward rehabilitation and not incarceration.  Therefore, Stuhldreher's request for a departure from the sentencing guidelines supports this initiative.

**6.** <u>Factor 6</u>**:  The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.  18 U.S.C. § 3553(a)(6).**

7

Stuhldreher requests that this Court depart from the Sentencing Guidelines and impose a sentence of 120 months, the mandatory minimum, because that is in-line with defendants similarly situated.

In 2010, the Eighth Circuit affirmed a mandatory minimum sentence of 120 months for a defendant convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  *U.S. v. Sutton*, 625 F.3d 526 (8th Cir. 2010).  In *Sutton*, the defendant contacted an informant for purposes of selling cocaine base.  *Id*. at 527.  Sutton arranged a meeting to purchase 4.5 ounces of cocaine base for $3,100.00.  *Id*.  Law enforcement conducting surveillance observed Sutton meet the informant, arrested her, and Sutton admitted that she sold multiple ounces of cocaine powder or cocaine base on a regular basis, and that she had cocaine base in her possession for the sale for the informant.  *Id*. at 527-528.  Law enforcement seized 123.49 grams of cocaine base that Sutton had hidden on her person.  *Id*. at 528.  Sutton pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  *Id*.

At sentencing, Judge Joan N. Erickson found that Sutton's total offense level under the Guidelines was 27 and her criminal history category was III.  *Id*.  Sutton moved the court for a sentence below the statutory mandatory minimum because of her family responsibilities, history of mental health problems, and good behavior while on pretrial release.  *Id*.  Judge Erickson denied her request and sentenced Sutton to the 120-month mandatory term, stating that "[t]here's no reason to go higher" than the mandatory minimum, and the 120-month term required by statute was "appropriate" in light of Sutton's offense, significant criminal history, and need for rehabilitation.  *Id*. at 528.  While the main issue in *Sutton* was whether or not the district court

could sentence Sutton below the mandatory minimum, the facts in *Sutton* are strikingly similar to the current matter.

Just as in *Sutton*, Stuhldreher has family responsibilities, a history of mental health and depression, and had good behavior following his criminal activity on February 9th.   Judge Erickson sentenced Sutton to the mandatory minimum as "appropriate" in light of Sutton's offense, which is similar to Stuhldreher's; significant criminal category of III, same as Stuhldreher's; and need for rehabilitation, similar to Stuhldreher.   See PSR at ¶¶ 91-97.   Therefore, Stuhldreher respectfully requests that this Court depart from the Sentencing Guidelines and impose the mandatory minimum sentence of 120 months imprisonment, as it did in *Sutton*.

Likewise, in 2011, the Eighth Circuit affirmed a defendant's sentence of 151 months for a defendant convicted of conspiring to possess with the intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 841 and 846.   *U.S. v. Burrell*, 414 Fed. Appx. 887 (8th Cir. 2011) (unpublished).   In *Burrell*, the district court determined an advisory guidelines range of 168 months to 210 months imprisonment based on a total offense level of 33 and criminal history category of III.   *Id*. at 888.   Judge Joan N. Erickson sentenced Burrell to 168 months, which is on the low end of the guidelines.   *Id*.   The current case is similar, but different.

In *Burrell*, the defendant had a large-scale drug operation, firearms were found, and the defendant used his home where children lived as part of his drug operation.   *Id*.   In the current matter, Stuhldreher was a sub-distributor of the drugs and average participant (PSR at ¶ 37), there were no firearms attributable to Stuhldreher (PSR at ¶ 32), and there is no evidence that he was selling drugs out of a house where children lived.   Therefore, because Burrell's conduct was more egregious and Judge Erickson imposed a sentence at the bottom of the guidelines, it stands

to reason that the Court should impose a sentence for Stuhldreher below the guidelines, and follow *Sutton*'s sentence of the mandatory minimum 120 months.

Further, the sentencing guidelines compute to 210 to 262 months imprisonment for Stuhldreher, which equates to 17 ½ to 22 years behind bars.  That means Stuhldreher would be eligible for release when he is 50+ years of age.  That is not insignificant.  Ten years or 120 months is still not insignificant, but is sufficient and not greater than necessary, to comply with the purposes of  sentencing.  See *U.S. v. Toothman*, 543 F.3d 967 (8th Cir. 2008) (stating that a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)).

7. <u>Factor 7</u>:  **The Need to Provide Restitution to Any Victims of the Offense.  18 U.S.C. § 3553(a)(7).**

The need for Restitution is not applicable in this case.  PSR at ¶¶ 121-122.

## CONCLUSION

For the above-stated reasons, Stuhldreher respectfully requests that this Court order a downward departure from the applicable sentencing guidelines of 210 to 262 months imprisonment, and order a variance to the mandatory minimum of 120 months.

Dated: October 31, 2019                    **RESTOVICH BRAUN & ASSOCIATES**

<u>/s/Dominique J. Navarro</u>
Thomas R. Braun, #350631
Dominique J. Navarro #389214
117 East Center Street
Rochester, Minnesota 55904
Telephone: (507) 288-4840
Tom@restovichlaw.com
Dom@restovichlaw.com
Attorneys for Defendant,
   Mason Stuhldreher