UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-CR-104(3)(JNE/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S SUPPLEMENTARY SENTENCING POSITION PLEADING** |
| MASON PAUL STUHLDREHER, | |
| Defendant. | |

COMES NOW the United States of America, by and through its undersigned attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Allen A. Slaughter Jr., Assistant United States Attorney, and submits the following supplemental position with regard to sentencing.

Defendant Mason Paul Stuhldreher (Defendant) submitted a responsive sentencing pleading on November 13, 2019. ECF 137. The pleading summarizes the government's sentencing positions with regard to each of the four defendants charged in the instant matter. *Id*. Then defendant argues that the government has argued unreasonably with respect to the sentence that should be imposed. *Id*. Instead, without any argument supporting variance, he argues for the mandatory minimum sentence of 120 months imprisonment. *Id*.

The government stands by the sentencing arguments proposed for each of the four defendants in this case. The government argued for a term of 328 months for co-defendant Hines – the middle of his applicable range – due to his role as DTO wholesaler, the volume

of controlled substances involved, and especially his criminal history. The government argued for a term of 168 months for co-defendant Aguirre-Rea – the upper end of the applicable range – due to Aguirre-Rea's role as a DTO supplier, but combined with his lack of any prior significant criminal convictions.[1] The government argued for a term of 151 months imprisonment for co-defendant Scrabeck – the lower end of his applicable range – due to his role as DTO sub-distributor. Contrary to defendant's arguments, Scrabeck notwithstanding his greater criminal history score is still perceived as having less responsibility than defendant. Both the Government's sentencing position pleading as well as Scrabeck's plea terms demonstrate as much. The government again stands by that assessment, which included conferring with the agents involved in the investigation overall.

Meanwhile, on February 9, 2019, when law enforcement intervened and ended the Hines DTO operation, agents seized the largest percentage of methamphetamine (by far) from defendant, who had just obtained it from Hines. Furthermore, defendant fled from law enforcement – putting others into harm's way. The methamphetamine was thrown from his vehicle as he tried to evade law enforcement.

Defendant's sentencing circumstances are a convergence of factors – not merely his argued place in a perceived "hierarchy" in this particular DTO. Moreover, each of these factors are due to defendant's choices – choices made both on February 9, 2019, as well as

---

[1] In point of fact, Aguirre-Rea would likely be safety valve eligible (and would be facing an even lower advisory Guidelines range) but for his choice to unsuccessfully safety valve proffer.

the days, weeks, and years before. His advisory Guidelines range reflects these decisions and related considerations. Thus, the government's argument for a mid-Guidelines term of 236 months imprisonment is reasonable when considering the entirety of the § 3553(a) factors here.[2]

The government respectfully requests a disposition of 236 months imprisonment – the middle of the applicable Guidelines range – because the circumstances of Defendant's offense combined with the remainder § 3553(a) considerations deserve such a term.

Dated: November 18, 2019          Respectfully,

ERICA H. MacDONALD
United States Attorney

*s/ Allen Slaughter*
BY:  ALLEN A. SLAUGHTER JR.
Assistant U.S. Attorney
Attorney ID Number 301668

---

[2] Nor can the government's argued-for sentence cannot be perceived as surprising. The plea terms to which defendant agreed contemplated even greater potential advisory Guidelines ranges, specifically between either 235 to 293 months and 292 to 365 months imprisonment.